UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-1145-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Aaron C. seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by rejecting the opinions of two examining psychologists, plaintiff's testimony, and the testimony of his sister and a state agency SSI facilitator. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Examining psychologists' opinions**

Plaintiff argues that the ALJ erred in rejecting the opinions of examining psychologists Ellen Walker, Ph.D., and T.C. Portman, Ph.D. Dkt. 10 at 3. In general, the ALJ must give specific and legitimate reasons for rejecting an examining doctor's opinion that is contradicted

by another doctor, and clear and convincing reasons for rejecting an examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

    *1.    Dr. Walker*

Dr. Walker examined plaintiff in May 2016 and diagnosed major depression, moderate, recurrent, and mild neurocognitive disorder due to traumatic brain injury. Tr. 809. She administered the Weschler Memory Scale IV and assessed scores at or below the first percentile in all areas, which she opined were all deficient and indicative of serious memory issues. *Id.* She opined that his memory issues would impact his ability to remember auditory and visually presented information and he would struggle in work places with recall of simple or complex information, but that he was otherwise cognitively bright and would be capable of understanding instructions. *Id.* She opined that he had good interpersonal skills and would be able to relate well to coworkers, supervisors, and the general public. *Id.* And she opined that his significant physical health conditions would make it difficult to get to or stay on a job on a regular basis. *Id.*

The ALJ gave little weight to this opinion. Tr. 30. The ALJ found that that Dr. Walker's opinion that plaintiff would struggle to maintain consistent job performance and attendance was inconsistent with her examination showing largely normal cognitive and social functioning, her statement that plaintiff's physical conditions would interfere with his ability to perform work was outside the scope of her examination and expertise, and she appeared to base her opinion largely on plaintiff's subjective statements, which the ALJ found to be inconsistent with the objective medical evidence. *Id.*

The ALJ's reasons for rejecting this opinion ignored Dr. Walker's findings of serious memory issues, improperly substituted his own interpretation of the findings for Dr. Walker's opinion, and improperly questioned the credibility of plaintiff's complaints to Dr. Walker when

she did not discredit those complaints and also relied on her own clinical findings in formulating her opinion. The ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). And the ALJ may not reject an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Walker assessed serious memory issues, based on plaintiff's scores at or below the first percentile on memory testing, and opined as to the impact these problems would have in a workplace. Tr. 809. She opined that plaintiff put forth good effort on the assessment and noted no concerns about the credibility of plaintiff's complaints. *Id.* And she did not merely repeat plaintiff's complaints, but instead relied on her clinical testing and observations in formulating her opinion. The ALJ failed to give specific and legitimate reasons to discount Dr. Walker's opinion.

### 2. Dr. Portman

Dr. Portman examined plaintiff in April 2017 and diagnosed adjustment disorder with mixed anxiety and depressed mood, mild neurocognitive disorder due to traumatic brain injury, provisional, insomnia disorder, and moderate alcohol use disorder. Tr. 1027. He opined that plaintiff would have marked and severe impairment in most areas of cognitive and social workplace activities. Tr. 1028.

The ALJ gave little weight to Dr. Portman's opinion. Tr. 30. The ALJ found that there were no other objective findings or opinions in the record to support Dr. Portman's opinion and, while plaintiff may have memory difficulties, he was largely able to maintain attention and concentration, he was able to complete a three-step task, and he reported no difficulty getting

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

along with others. *Id.* The ALJ's finding again failed to acknowledge Dr. Walker's memory testing, which provided objective support for Dr. Portman's opinion. And the ALJ again improperly substituted his own interpretation of the evidence for Dr. Portman's interpretation. The ALJ failed to give specific and legitimate reasons to reject Dr. Portman's opinion.

### B. Plaintiff's testimony

Plaintiff argues that the ALJ erred in rejecting his testimony. Dkt. 10 at 11. Because the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that plaintiff's statements about his symptoms were inconsistent with the objective medical evidence. Tr. 21. The ALJ found that although plaintiff frequently complained of pain and musculoskeletal conditions, he regularly demonstrated intact physical functioning and consistently reported good relief with his prescribed medication. Tr. 25. And the ALJ found that with respect to his mental impairments, treatment notes consistently showed normal cognitive functioning and the ability to interact well with others. Tr. 26.

The Court found above that the ALJ failed to provide specific and legitimate reasons for rejecting the medical opinions regarding plaintiff's mental impairments. In evaluating plaintiff's testimony, the ALJ repeated the mistake of failing to consider the serious memory impairment assessed by Dr. Walker. The ALJ's reliance on inconsistency with the medical evidence is therefore not a clear and convincing reason to discount plaintiff's testimony.

The ALJ also found that plaintiff's complaints were inconsistent with his activities of daily living. Tr. 26. With respect to plaintiff's physical activities, the ALJ noted that plaintiff reported making owl figurines, including using a chop saw for this activity, going for daily walks, performing household chores such as washing dishes, doing laundry, and performing basic bathroom cleaning, and he instructed a friend how to do tile work and was up on a roof after his alleged onset date. *Id.* With respect to plaintiff's mental activities, the ALJ noted that plaintiff reported no difficulty getting along with others or visiting public places, and again noted that plaintiff was able to instruct a friend on how to perform tile work and make owl figurines. Tr. 27.

Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ may not penalize a claimant for attempting to live a normal life in the face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

The ALJ identified primarily activities that show plaintiff's attempts to live a normal life, including performing basic self-care and household chores, not activities that meet the threshold for transferable work skills. And the activities the ALJ identified that could be considered transferrable to a work setting, instructing a friend on how to do tile work and being up on a roof after his alleged onset date,[1] were one-time occurrences that do not show that plaintiff was capable of performing these activities on a regular and continuing basis. The ALJ failed to identify daily activities that undermined plaintiff's allegations. This was not a clear and

---

[1] Plaintiff's past work was as a roofer and tile setter. Tr. 31.

convincing reason to discount plaintiff's testimony. The ALJ failed to give valid reasons for rejecting plaintiff's testimony.

### C. Lay witnesses

Plaintiff argues that the ALJ erred in rejecting the testimony of his sister and a state agency SSI facilitator. Dkt 10 at 17. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives specific, germane reasons for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff's sister, Ms. C., completed a third-party function report in February 2016 in which she stated that plaintiff had limited short-term memory, numerous physical injuries resulting in limited mobility and functioning, and arthritis. Tr. 365-72. The ALJ found that Ms. C. largely reiterated plaintiff's allegations regarding his physical and mental limitations but did not otherwise address her testimony or provide any specific reasons for rejecting it. Tr. 21.

Where an ALJ has provided clear and convincing reasons for finding a claimant not fully credible, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). But here, the ALJ did not provide clear and convincing reasons for rejecting plaintiff's testimony and therefore cannot rely on those reasons to reject his sister's statement. And, as the ALJ failed to give any specific reasons to reject Ms. C.'s statement, the ALJ erred in rejecting her statement.

A state agency SSI facilitator, Barbara Call, documented her observations of plaintiff at a November 2015 SSI interview. Tr. 340. She observed that plaintiff moved slowly, he repeatedly confused dates, and he reported increasing frustration and depression due to his physical

limitations. *Id.* She stated that he appeared to be truthful in his answers but was confused at times. *Id.* The ALJ did not comment on Ms. Call's observations.

An ALJ must explain why "significant, probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, while the ALJ must "make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently," the ALJ "need not discuss all evidence presented." *Id.* at 1394-95.

The Court finds that Ms. Call's statement was not significant, probative evidence such that the ALJ erred by not discussing. Ms. Call provided a brief description of her observations of plaintiff during a one-time interview. Omission of this statement from the decision does not hamper this Court's review of it. However, the ALJ may consider on remand whether Ms. Call's statement is germane evidence that should be considered.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Walker and Dr. Portman, plaintiff's testimony, and the lay witness statement from his sister. The ALJ shall further develop the record and redo the five-step disability evaluation process and the ALJ deems necessary and appropriate to make a new decision.

DATED this 16th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge